## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re: PYZALSKI, CARRIE J.                                    Case No. 09-37181

                                                             Chapter   7

_____,

Debtor

### TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code
was filed on October 06, 2009.  The undersigned trustee was appointed on October 07, 2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554.  An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of          $          14,180.66

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 314.00 |
| Bank service fees | 52.02 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]     $ | 13,814.64 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank
account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest
earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may
receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on
account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 12/21/2010 and the deadline for filing governmental claims was 12/21/2010. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,168.07. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,168.07, for a total compensation of $2,168.07.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $17.60, for total expenses of $17.60.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 07/05/2012          By:/s/DEBORAH K. EBNER
                                          Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**